IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE DEWON THOMAS, | ) | CASE NO. 3:12 CV 2086 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| TERRY TIBBALS, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Andre Dewon Thomas[2] seeking a writ of habeas corpus under 28 U.S.C. § 2254.[3] Thomas is presently incarcerated by the State of Ohio at the Pickaway Correctional Institution in Orient, Ohio.[4] He is serving a term of 15 years in prison imposed in 2010 by the Erie County Court of Common Pleas upon

---

[1] This matter was referred to me under Local Rule 72.2 for a Report and Recommendation by United States District Judge Sara Lioi in a non-document order entered March 25, 2013.

[2] The petitioner's name as it appears on the petition itself and on the docket sheet of this Court is Andre Dewon Thomas. ECF # 1 at 1. Thomas, however, has signed the petition as Andre D. Thomas, Sr. (*id.* at 6) and signed the traverse the same way. ECF # 11 at 7. That is the name by which the petitioner is identified on the website of the Ohio Department of Rehabilitation and Correction.

[3] ECF # 1.

[4] ECF # 12.

accepting Thomas's negotiated guilty plea to two counts of rape and one count of attempted rape involving his girlfriend's then 12-year-old daughter.[5]

The State in its return of the writ contends that Thomas's petition is untimely and should be dismissed.[6] Thomas filed a traverse maintaining that petition is timely because the State has miscalculated the time that elapsed between his conviction becoming final and the date he filed for federal habeas relief.[7]

For the reasons that follow, because Thomas is incorrect as a matter of law in his argument that the State miscalculated the time available for filing the federal habeas petition, I will recommend that the petition be dismissed as untimely.

## Facts

Because the petition should be dismissed as untimely, only the facts relevant to that disposition will be set out here.

**A.    Conviction, sentence, and direct appeal**

After indictment in October, 2009, on four counts of rape and one count of attempted rape of a person under ten years of age,[8] Thomas pled not guilty.[9] At a hearing on January 22,

---

[5] *Id.* at 1; ECF # 8-1 (state court record), at 201.

[6] ECF # 8 at 8-9.

[7] ECF # 11 at 1.

[8] ECF # 8-1, at 4.

[9] *Id.*, at 6.

2010, the indictment was amended to reflect that the victim was 11 years old at the time of the offense, two charges of rape were dropped, and Thomas withdrew his prior plea of not guilty.[10] Instead, Thomas changed his plea to guilty as a result of negotiations with the prosecutor that included a recommended sentence of 15 years.[11] The trial court accepted the plea, found Thomas guilty, and on January 28, 2010, imposed the recommended sentence, finalizing the conviction.[12]

Significantly, Thomas did not then file a timely appeal of that conviction and sentence.

Instead, on July 23, 2010 – or nearly six months after his January conviction and sentence – Thomas, *pro se*, filed a notice of appeal with the Ohio court of appeals, together with a motion to file a delayed appeal.[13] On August 16, 2010, the Ohio appellate court denied the motion for leave to file a delayed appeal, finding that Thomas's reasons for the delay were not well-taken.[14] Thomas did not appeal that decision to the Supreme Court of Ohio.[15]

---

[10] *Id.*, at 278-79.

[11] *Id.*, at 282.

[12] *Id.*, at 7-10.

[13] *Id.*, at 17-25.

[14] *Id.*, at 203.

[15] *See*, ECF # 8 at 4.

**B.     Postconviction**

While the motion for leave to file a delayed appeal was pending, Thomas, on August 12, 2010, filed a *pro se* motion with the trial court to vacate or set aside his conviction on the sole ground that his trial attorney was ineffective.[16] After the State filed a response,[17] on September 15, 2010, the trial court denied the petition as untimely.[18]

Thomas, *pro se*, then appealed.[19] After a series of briefs, the state appeals court on August 19, 2011, determined that the postconviction petition had been timely filed, but that Thomas's claim was frivolous, and so affirmed the judgment of the trial court.[20] Thomas, *pro se*, appealed that decision to the Supreme Court of Ohio,[21] which on December 21, 2011, dismissed the appeal.[22]

**C.     Federal habeas petition**

On August 6, 2012, Thomas, *pro se*, placed the present petition into the prison mailing system.[23] In the petition, Thomas raises two grounds for relief:

---

[16] ECF # 8-1, at 27.

[17] *Id.*, at 33.

[18] *Id.*, at 52.

[19] *Id.*, at 55.

[20] *Id.*, at 200.

[21] *Id.*, at 211.

[22] *Id.*, at 233.

[23] ECF # 1 at 6. The petition was filed in this Court on August 13, 2012.

-4-

**GROUND OF RELIEF ONE:** The trial court erred when it failed to clearly advise the appellant to his right to "Compulsory Process", and guarenteeing [sic] that he was not under duress or coerced into pleading guilty.

**Supporting Facts:** The Petitioner is untrianed [sic] in the law and did not know or understand the legal significance and definition of the word "subpoena" or for that matter what "compulsory process" or "Compel witnesses", along along [sic] with the added pressure from his trial counsel to plead guilty.

**GROUND OF RELIEF TWO:** A defendant is denied his right to effective assistance of trial counsel when counsel fails to investigate an alibi for defendant and then coerces him into pleading guilty which put him under duress.

**Supporting Facts:** Because of the petitioner's defense counsel's failure to investigate and present evidence of appellant's alibi, and counsel's ineffective and intimidating advice, the probability of a fair trial was denied to petitioner, along with the probability of the conviction or sentence, or both, arriving at terms that may offer less severe penalties than what was imposed. In other words, because of counsel's failure to do what was in the best interest of petitioner, the outcome of the plea process became unfair and prejudicial, making counsel's ineffective assistance.[24]

As noted, the State maintains that the petition is untimely. The State contends that Thomas's conviction became final 30 days after he was sentenced by the trial court on January 28, 2009.[25] The State further contends that 145 days elapsed from the date the conviction was final until Thomas moved to file a delayed appeal in the Ohio appeals court.[26] The one-year habeas limitations period was tolled for 23 days between the date Thomas

---

[24] *Id.* at 2-4.

[25] ECF # 8 at 8.

[26] *Id.*

sought to file a delayed appeal and the date when the court denied that motion.[27] Because Thomas filed his postconviction motion during that 23-day period, that action, and its subsequent appeal, served to continue the tolling of the limitations statute until the Ohio Supreme Court dismissed that appeal on December 21, 2011.[28]

From the date of the decision of the Supreme Court of Ohio, the federal habeas limitations period began to run again, until the year-long period expired on July 28, 2012.[29] As the State observes, because Thomas's habeas petition was not filed until August 6, 2012, it was filed beyond the expiration of the one-year period and is, therefore, untimely.[30]

Thomas, in his traverse, does not dispute the State's recitation of the relevant dates, but claims that the State erroneously failed to grant him an additional 90 days after the trial court finalized his conviction for the purpose of filing a petition for certiorari with the United States Supreme Court.[31] Thus, according to Thomas, the one-year limitations period did not start to run on February 27, 2010, as the State maintains, but began 90 days after the trial court imposed the sentence on January 28, 2010, in other words, on May 28, 2010.[32] With that starting time, Thomas reasons that he had until November 6, 2012, to file his federal

---

[27] *Id.*

[28] *Id.* at 9.

[29] *Id.*

[30] *Id.*

[31] ECF # 11 at 1.

[32] *Id.*

habeas petition, thus making this filing timely, and not July 28, 2012, as the State calculates.[33]

In addition to claiming that he is entitled to an additional 90 days from the date that the trial court finalized his sentence, Thomas argues that he is entitled to equitable tolling because he is a *pro se* petitioner and so entitled to leniency in the application of "rules and laws surrounding habeas corpus filing deadlines and the tolling requirements surrounding such cases."[34]

## Analysis

Consistent with the Supreme Court's teaching in *Gonzalez v. Thaler*,[35] the State properly began the limitations period in this case by adding 30 days beyond the date when the trial court finalized Thomas's sentence to reflect the time within which Thomas could have pursued a direct appeal to the Ohio appeals court.[36] Thus, the sentence here was finalized on January 28, 2010, and after allowing 30 days for filing a direct appeal to the

---

[33] *Id.*

[34] *Id.* at 2.

[35] *Gonzalez v. Thaler*, 132 S. Ct. 641 (2012).

[36] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

Ohio court of appeals, the one-year habeas limitations period began to run on February 27, 2010.[37]

I note here that Thomas's sole objection to the computation of time is that he should have been granted an additional 90 days from the trial court's finalizing of his conviction – the time for filing a petition for a writ of certiorari with the United States Supreme Court – and not 30 days, which is the time for filing a direct appeal to the Ohio appeals court. Thomas misapprehends the teaching of the Supreme Court on how the time for seeking habeas review effects the AEDPA time period.

As the Supreme Court recently re-emphasized in *Gonzalez*, the judgment of conviction becomes final for purposes of the habeas review limitations period "when the time for pursuing direct review in this Court, *or in the state court*, expires."[38] *Gonzalez* further explained that when a petitioner does not appeal a decision of the state appeals court to the state's highest court – the decision of which he could then seek to review in the Supreme Court by a writ of certiorari – "his judgment bec[omes] final when his time for seeking review with his State's highest court expire[s]."[39]

---

[37] The State also calculated this date as February 27, 2010. In re-calculating the time, using the standards set forth in Fed. R. Civ. P. 6(a), see, *Brown v. Warden*, 2014 WL 4092927, at *4 (N.D. Ohio Aug. 19, 2014) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (AEDPA time calculations are made using method set forth in Fed. R. Civ. P. 6(a)), I find the conviction was final on January 28, 2010, the 30-day period for an appeal to the Ohio appeals court began on January 29, 2010, and the 30-day period ended on February 27, 2010.

[38] *Gonzalez*, 123 S. Ct. at 653-54 (emphasis added).

[39] *Id.* at 654.

Here, because Thomas did not initially seek a timely review of his conviction in the Ohio appeals court, his conviction became final for purposes of the habeas limitations statute according to the Supreme Court in *Gonzalez* when the time for "pursuing direct review in the state court" expired[40] – or on February 27, 2010, 30 days after the entry of the final judgment of conviction by the trial court.

As was related above, 145 days out of the 365 days allotted for filing for federal habeas relief passed between February 27, 2010, and July 23, 2011, the date when Thomas moved to file a delayed appeal, leaving 220 days remaining in the limitations period. The period was tolled until August 16, 2010, when the Ohio appellate court denied Thomas's motion.

That said, however, it is important to note that Thomas's postconviction petition was filed August 12, 2010, and so was pending when the limitations period might have resumed on August 16, 2010, when the appeals court denied his motion to file a delayed appeal. In that regard, because the tolling applicable to the postconviction petition continued until December 21, 2011, when the Ohio Supreme Court finally dismissed Thomas's appeal, there is no need to consider how additional time for appealing the August 2010 decision of the appeals court to the Ohio Supreme Court might have changed the federal habeas time calculation. Simply put, the federal time period was tolled for over 15 months between August, 2010, and December, 2011, due to the pendency of Thomas's postconviction petition in the Ohio courts.

---

[40] *Id.*

Thus, Thomas's limitations period began again on December 21, 2011, with 220 days remaining.[41] The final 220 days of Thomas's federal habeas limitations period expired on July 28, 2012. Thomas filed the present petition on August 6, 2012 – or beyond the one-year limitations period.

The State observes that although Thomas has not sought to show that he is entitled to statutory tolling by reason of having discovered the factual predicate of his claim at some later date,[42] the record clearly shows that Thomas had full knowledge of his appeal rights, and the 30-day time limit for filing an appeal in Ohio, in January, 2010, as the transcript of the plea agreement demonstrates.[43]

Further, as concerns equitable tolling, Thomas's argument, as set forth in his traverse, is that he is entitled to equitable tolling by reason of his status as a *pro se* petitioner.[44] Although the Supreme Court in *Holland v. Florida*[45] has held that equitable tolling is available to habeas petitioners in "appropriate cases,"[46] it has further held that equitable

---

[41] As the Supreme Court held in *Lawrence v. Florida,* 549 U.S. 327, 333-34 (2007), the federal habeas time limitation would not be tolled by the 90-day time period within which a petitioner could seek a writ of certiorari to review a denial of a state postconviction petition because such petitions are not part of the "direct review" procedure. Thus, Thomas is not entitled to have an additional 90 days added on to his limitations period beyond the date when the Ohio Supreme Court denied his appeal in respect of his postconviction petition.

[42] *See*, 28 U.S.C. § 2244(d)(1)(D).

[43] ECF # 8 at 10-11 (quoting transcript).

[44] ECF # 11 at 2.

[45] *Holland v. Florida*, 560 U.S. 631 (2010).

[46] *Id.* at 645, 649.

tolling is available only when the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented timely filing.[47] In that regard, as the Sixth Circuit noted in *Jones v. United States*:[48]

> "Generally, to qualify as 'extraordinary circumstances' [and so equitable tolling], the petitioner must show more than just his status as a *pro se* or his limited access to a law library."[49]

Here, Thomas's entire justification for equitable tolling is a mere recitation of his status as a *pro se* petitioner, with no further explanation as to how that status – which is rather common among habeas petitioners – is somehow an extraordinary circumstance. As such, this explanation does not justify extending equitable tolling in this matter.[50]

## Conclusion

Accordingly, for the reasons stated above, I recommend finding that Thomas has not shown he is entitled to statutory or equitable tolling, and that, absent such tolling, his petition

---

[47] *Id.* at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[48] *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012).

[49] *Id.* at 627 (citing *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011)).

[50] I also note, as does the State, that Thomas has not attempted to justify equitable tolling based on new reliable evidence of actual innocence. *See*, *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924 (2013). In this case, although Thomas contends in ground two of his grounds for habeas relief that he has an alibi for part of one day on which one of the rapes took place, (ECF # 1 at 5) that alibi does not contradict Thomas's videotaped confession, guilty plea or the fact that his DNA was present in the aborted fetus of his 12-year-old victim who became pregnant as a result of the rapes. *See*, ECF # 8-1 at 201.

-11-

for habeas relief was filed beyond the one-year limitations period and so should be dismissed as untimely.

Dated: September 3, 2014                    s/ William H. Baughman, Jr.
                                            United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[51]

---

[51] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).